**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Isaiah Samuel Meadows,** | ) | **CASE NO. 1:18 CV 2432** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Judge John D. Sutula, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the complaint of *pro se* plaintiff Isaiah Samuel Meadows against defendants Judge John Sutula (Cuyahoga County Court of Common Pleas), Gary Mohr (Director, Ohio Department of Rehabilitation and Corrections ("ODRC")), Warden Ed Sheldon (Mansfield Correctional Institution ("MCI")), and Ohio Attorney General Mike DeWine (Doc. 1). Plaintiff alleges that he was falsely imprisoned by defendants in violation of his federal and state constitutional rights and laws.

For the reasons that follow, this action is dismissed.

**BACKGROUND**

The events giving rise to this action relate to plaintiff's criminal case in the Cuyahoga County Court of Common Pleas, Case No. CR-16-607612 ("Criminal Case")). The complaint refers to both the Criminal Case and appeal of his conviction to the Ohio Court of Appeals, Eighth Appellate District, Case No. CA-17-105753 ("Appellate Case"). According to the public

docket in the Criminal Case,[1] Meadows, represented by counsel, pleaded guilty to multiple offenses, including rape with firearm specification. Meadows appealed his conviction raising four assignments of error. *State v. Meadows*, No. 105753, 2017 WL 5036663, at *1 (Ohio Ct. App. Nov. 2, 2017). The State of Ohio conceded to the first assignment of error – "The trial court violated appellant Meadows's Federal and State constitutional rights to due process of law and Crim. R. 11 when it accepted appellants [sic] guilty pleas without informing him of the constitutional rights he was waiving in entering his pleas." *Id*. Finding that the trial court failed to advise Meadows of his constitutional rights and to comply with Crim R. 11, the Eighth District reversed Meadows' convictions and remanded the case to the trial court for further proceedings.[2] *Id*. The Eighth District released and journalized its decision in the Appellate Case on November 2, 2017, and this date triggered Plaintiff's allegations in the instant action.

On November 2, 2017, plaintiff was incarcerated at MCI. Plaintiff claims that when the Eighth District issued its decision reversing and remanding his criminal case, he should have been promptly transported from MCI to the Cuyahoga County Corrections Center ("CCCC") pursuant to the Eighth District's decision and Ohio Rev. Code § 2953.13. Plaintiff was not transported from MCI to CCCC until February 7, 2018, and Plaintiff claims that during this interval he was falsely imprisoned at MCI for 97 days. Plaintiff was transported back to MCI on September 21, 2018 where, according to the complaint, he was "falsely imprisoned" for four more days (Doc. 1 at 5). Plaintiff claims that his false imprisonment at MCI for a total of 101

---

[1] The Court may take judicial notice of the public dockets in the Criminal and Appellate Cases. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (citing *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980)).

[2] According to the public docket in the Criminal Case, upon remand, Meadows was convicted by a jury in February 2019 of rape with firearm specification, among other offenses.

-2-

days after the Eighth District reversed his conviction and remanded the case to state court violated his federal and state constitutional rights, Ohio Rev. Code § 2953.13, and resulted in the intentional infliction of emotional distress, and loss of personal items, such as clothing and commissary products (*id.*). Plaintiff seeks immediate release from prison,[3] 2.5 million dollars in compensatory damages, and 2.5 million dollars in punitive damages (*id.*).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the Court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the Court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably

---

[3] To the extent the plaintiff seeks release from prison, he has not alleged a cognizable § 1983 claim. Plaintiff's sole federal remedy for such relief is a writ of *habeas corpus. See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("Where the relief sought is a 'determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of *habeas corpus*, not through § 1983.") (quoting *Preiser*, 411 U.S. at 500).

meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B) or § 1915A. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

## **DISCUSSION**

Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983. To establish a violation under § 1983, plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (citation omitted). Plaintiff's § 1983 claims are subject to dismissal for multiple reasons.

### **Judge Sutula is Immune from Suit**

Judge John Sutula, the presiding judge in the Criminal Case, is immune from suit. Plaintiff alleges that Judge Sutula falsely imprisoned him without due process after the Eighth District Court of Appeals vacated his conviction and remanded the case for further proceedings when the judge ordered him transported back and forth between MCI and the CCCC (*see* Doc. 1-1 at 6-7).

Judge Sutula is absolutely immune from suit for damages based upon his decisions and

actions taken in the course of the Criminal Case, both in the original proceedings and upon remand. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citing among authority *Mireles*, 502 U.S. at 9). Absolute judicial immunity may be overcome only in two situations: (1) when the conduct alleged is performed at a time when defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he presides. *Mireles*, 502 U.S. at 11-12 (citations omitted); *Barnes*, 105 F.3d at 1116 (citing *Mireles*, 502 U.S. at 11-12). A judge will be not deprived of immunity even if the action he took was in error, done maliciously, or in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Even liberally construing the complaint, there are no allegations from which this Court may infer that Judge Sutula acted outside of his judicial capacity or lacked jurisdiction over the Criminal Case. Accordingly, Judge Sutula is immune from suit and dismissed from this case pursuant to § 1915(e)(2)(B).[4]

### **Plaintiff Fails to State a § 1983 Claim against Sheldon, Mohr, and DeWine**

Plaintiff's claims against Sheldon, Mohr, and DeWine are identical: false imprisonment, violation of federal and state constitutional rights to due process, violation of the Fifth and Fourteenth Amendments, violation of Ohio Rev. Code § 2953.13, deliberate indifference,

---

[4] To the extent that plaintiff is suing the Cuyahoga County Court of Common Pleas, the court is not *sui juris* and any claim against the court is construed as a claim against Cuyahoga County. *See Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (Ohio courts cannot sue or be sued in their own right). Plaintiff fails to assert a § 1983 claim against Cuyahoga County because the complaint does not plausibly allege a county custom or policy caused the alleged deprivation of his constitutional rights. *See Wooten v. Logan*, 92 F. App'x 143, 145-46 (6th Cir. 2004) (citations omitted).

wrongful imprisonment, and unlawful imprisonment (*see* Doc. 1-1 at 9, 12, 14). Plaintiff's factual allegations in support of these claims are based upon the allegation that defendant Sheldon did not comply with the Eighth District's order and Ohio law and transfer him from MCI to the CCCC (*see id*. at 13). Plaintiff claims that defendants did not comply with Ohio Rev. Code § 2953.13, which provides that if a criminal case is remanded to the trial court, "the warden shall forthwith cause the defendant to be conveyed to the jail of the county in which the defendant was convicted, and committed to the custody of the sheriff of that county." Thus, plaintiff alleges that he was "falsely imprisoned" by defendants at MCI (*id*. at 10-11, 12-13, 14-15). Plaintiff fails to state a claim upon which relief may be granted against Sheldon, Mohr, and DeWine.

When the Eighth District reversed plaintiff's conviction and remanded the case to the trial court for further proceedings, the court did not order plaintiff's release, but remanded to the trial court for further proceedings. *See Meadows*, 2017 WL 5036663, at *1 ("We reverse appellant's convictions and remand this matter for further proceedings consistent with this opinion.").[5] Plaintiff identifies himself as a "pretrial detainee" (Doc. 1 at 4). But whether an inmate is a convicted prisoner or pretrial detainee, he has no constitutional right to be incarcerated in a particular prison or jail. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *see also Sherman v. Washington Cty. Det. Ctr.*, No. 2:16-CV-27-TWP-MCLC, 2018 WL 1405279, at *3 (E.D. Tenn. Mar. 20, 2018) (pretrial detainee has no constitutional right or liberty interest in being housed in any particular facility or apart from convicted prisoners)

---

[5] The Eighth District also ordered the trial court to address, on remand, Meadow's competency to stand trial and sanity at the time of the act. *Meadows*, 2017 WL 5036663, at *1 n.1.

(citations omitted). Plaintiff's allegation that Sheldon violated his constitutional rights because he was housed at MCI for a period of time after the Eighth District reversed and remanded the Criminal Case (*see* Doc. 1-1 at 10, 12-13) fails to state a § 1983 claim upon which relief may be granted.

Plaintiff's § 1983 claims against Mohr and DeWine in their individual capacities are based upon the same allegations asserted against Sheldon. It appears that plaintiff sued Mohr and DeWine solely because Mohr is the Director of the ODRC and DeWine was, at the time, the Ohio Attorney General. It is well-established, however, that liability under § 1983 may not be imposed upon a supervisory official solely on the basis of *respondeat superior*. Mohr and DeWine are only liable under § 1983 for the alleged constitutional violation if they "'encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (further citation omitted)). Here, the complaint does not allege any specific conduct or personal involvement on the part of Mohr or DeWine regarding the alleged unconstitutional conduct, without which plaintiff cannot establish § 1983 liability on the part of these defendants. *See Griffin v. Montgomery*, 238 F.3d 421 (6th Cir. 2000) (Table) (affirming district court's dismissal of claims against certain defendants for failing to allege their personal involvement in the claimed denial of his rights) (citing *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied,* 526 U.S. 1115 (1999)).

Plaintiff's official capacity claims against Mohr, Sheldon, and DeWine fare no better. Official capacity claims against these defendants are the equivalent of claims against the State of Ohio. *See Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 852 (N.D. Ohio 2007) ("Courts have

long recognized that suits against state officials in their official capacity are treated as suits against the state.") (citing among authority *Hafer v. Melo,* 502 U.S. 21, 25 (1991)). But when Congress enacted § 1983, it did not abrogate the immunity of the State of Ohio or its agencies from suit under the Eleventh Amendment, nor is the State or its agencies "persons" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (citations omitted). The State of Ohio and ODRC are, therefore, immune from suit. MCI, owned and operated by the ODRC, is not *sui juris* and claims against it are construed against the ODRC, which is immune from suit as an arm of the State of Ohio. *See See Brown v. Imboden*, No. 1:11 CV 529, 2011 WL 3704952, at *2 (N.D. Ohio Aug. 23, 2011) (citations omitted). Accordingly, Plaintiff fails to state a plausible § 1983 claim against Sheldon, Mohr, and DeWine in their official capacities.

**Plaintiff's State Law Claims are Dismissed**

The Court's supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367(c). That statute contains an express provision permitting the Court to decline supplemental jurisdiction over state law claims when the Court has dismissed all of the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(3). Generally, the Court should exercise its discretion and decline to hear the state law matters when the federal law claims are dismissed before trial. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724-26 (1966). Having dismissed all of plaintiff's federal claims, and seeing no other basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, Meadows' state law claims are dismissed without prejudice.

**CONCLUSION**

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff's motion for service of process (Doc. 3) is moot, and denied as such.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 3/14/19